The following opinions were not published with others of the term at which they were filed, because of the filing of petitions for rehearing. —REPORTER.

CONRAD LEICH, Appellant, v. GEO. W. DEE *et al.*, Appellees.

Fraudulent Conveyances: CONSIDERATION: MUTUAL INTENT TO HINDER AND DELAY CREDITORS. Where an insolvent debtor, who was indebted in a sum exceeding fifty thousand dollars, transferred, by conveyances to his wife and daughter respectively, all of his property except his homestead and some personal property of trifling value, for the purpose of placing the same beyond the reach of creditors, *held*, that, conceding that said conveyances were not without consideration, and notwithstanding the testimony of the wife and daughter that they had no knowledge of the indebtedness of their grantor, it must be presumed, from the circumstances of the case, that the grantees accepted the conveyances to aid the fraudulent purposes of the grantor, and the same were, therefore, fraudulent as to creditors.

UPON REHEARING.

Fraudulent Conveyances: INNOCENT PURCHASER FROM FRAUDULENT GRANTEE. A conveyance of real estate by one who acquired title thereto with the purpose of aiding an insolvent debtor to hinder and delay his creditors, executed more than a year after said fraudulent transaction, and for a consideration, to one who was not a party to said fraudulent purpose, is not invalid as against the creditors of the insolvent debtor.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

JANUARY 27, 1891.

ACTION in chancery by a creditors' bill to set aside certain deeds, and subject the land conveyed to the

(709)

payment of certain debts held by plaintiff and an intervenor against the grantor in the deeds. The relief sought in the petition was granted by the decree of the district court. Defendants appeal.—*Affirmed.*

*Dodge & Dodge, S. K. Tracy* and *A. H. Stutsman,* for appellants.

*Power & Huston* and *Theo. Guelick,* for appellees.

BECK, C. J.—The evidence shows, beyond dispute, that the defendant, George W. Dee, was largely indebted, and that he conveyed all his property except his homestead and personal property of trifling value to his wife and daughter, to each separate tracts. These conveyances are assailed in the petition as fraudulent, being executed for the purpose of defeating the creditors of the grantor.

The evidence is brief, and leaves no doubt in the mind that the purpose of executing the deeds was to cover the property and protect it from Dee's creditors. The wife and her daughter and her sister testify that Dee had received from his wife money amounting to more than one thousand dollars. In satisfaction of the indebtedness therefor, and of the wife's agreement to pay one thousand dollars more, the deed to her was made. The daughter testifies that she paid one thousand, three hundred and twenty dollars for the land. Her evidence in explanation of the source from whence she received the money, like the evidence of her mother upon a like point, was not fully satisfactory. In our opinion, the evidence authorizes the conclusion that the husband and father conveyed the land with the purpose of defeating his creditors. Upon this point, we think, there can be no doubt. We are not wholly without doubts that there were, in fact, considerations moving from the wife and daughter for the deeds, but it may be assumed that there were.

While both the wife and daughter testify that they had no knowledge of the indebtedness of the husband and father, and shared in no purpose to defeat his creditors, we think their evidence is so strongly contradicted by the fact of the father's large indebtedness, which must have been known to them, that the presumption arises that they accepted the conveyance to aid his fraudulent purposes. It is true, they declare they had no knowledge of the father's indebtedness, but we cannot credit their evidence on this point. It is wholly improbable that he should have been indebted, as he was, in the sum of more than fifty thousand dollars, and they not know the fact, and it is equally improbable that they should have known of his great indebtedness, and accepted the conveyances to themselves, without the purpose of aiding him in defeating his creditors.

In our opinion, the decree of the district court ought to be AFFIRMED.

UPON REHEARING.

SATURDAY, MAY 21, 1892.

GRANGER, J.—The following from the petition for a rehearing will indicate the extent to which we are asked to reconsider this case: "Doubtless the failure on our part to present the case to this court as fully as it should have been presented has led the court into a slight error as to its history and present condition; and as the simple affirmance of the decree of the lower court does not afford the plaintiff the relief that, under the facts as this court found them, he is entitled to, we ask for such a modification of the opinion as will give him such relief."

It must be conceded that the opinion is based on a misapprehension of both the facts and the judgment from which the appeal was taken. The misapprehen-

sion of facts is in this: That the opinion proceeds upon the theory that George W. Dee conveyed the land in question to his wife and daughter, "to each separate tracts," while the actual fact is that he conveyed all the land in question to his wife, who something more than a year afterwards conveyed a part thereof to the daughter; there being no transaction whatever, directly, between the father and the daughter. The misapprehension as to the judgment appealed from is in this: The district court found that the conveyance by George W. Dee to his wife, Phœbe Dee, "was not executed in good faith, but for the purpose of hindering and delaying the creditors of George W. Dee," etc., "and it is therefore fraudulent and void, except as to the land thereafter conveyed to Emma J. Dewault, who is a *bona fide* purchaser for value and without notice." The amount of land conveyed by Dee to his wife was ninety-three acres; that conveyed by the wife to the daughter was about fifty-five acres. The decree of the district court subjected the land conveyed to Mrs. Dee to the payment of the plaintiff's judgment, except the part thereof conveyed by her to the daughter, as to which the action was dismissed. The opinion treats the case as though the district court adjudged the entire transaction fraudulent, and affirmed its judgment on that theory. From the judgment entered by the district court both parties appealed.

We are content to abide by the conclusions of the opinion, in so far as it determines the transaction between George W. Dee and his wife. As to the conveyance to Mrs. Dewault, the opinion assumes, with some doubt, it is true, as to the fact, that she paid a consideration for the land, and connects her with the fraudulent purpose of the father, because of his large indebtedness, which must have been known to her. This was upon the theory that she purchased from the father at the time he was disposing of his property.

Changing the facts so that it appears that she was in no way a party to that transaction, and upwards of a year thereafter purchased a part of the land from the mother, and then assuming, as we think we are justified in doing from the evidence, that she paid a consideration for the land, and we are without sufficient *data* to support a conclusion that she purchased with a fraudulent purpose. This change of facts so disconnects her from the transactions of the father as to render the conclusions and presumptions against her, stated in the opinion, unwarranted. The evidence is quite emphatic in support of the innocence of Mrs. Dewault in making the purchase, and, with the facts and the record as they now appear, we unite in the conclusion that the judgment of the district court on both appeals should be AFFIRMED.